IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **LEARONARDO TRUSS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION. NO. |
| | ) | 2:09cv894-MHT |
| **WILLIE THOMAS, et al.,** | ) | (WO) |
| | ) | |
| Defendants. | ) | |

OPINION

Plaintiff Learonardo Truss in this 42 U.S.C. § 1983 action is an inmate in the Alabama prison system incarcerated at the Elmore Correctional Facility (ECF). He complains that three defendants (ECF Warden Willie Thomas and ECF Correctional Officers Charles McKee and Willie Burton) violated his Eighth Amendment rights by requiring him to get a haircut and thereby exposing him to the risk of disease. Truss writes: "My complaint is against a prison rule about getting your hair cut, it's unconstitutional, and a danger[] to my health from blood to blood infectious diseases." Doc. # 1. Truss seeks

only injunctive relief. The court has jurisdiction over this case pursuant to its federal-question jurisdiction. See 28 U.S.C. § 1331.

In accordance with the orders of the court, the defendants filed an answer to the complaint and a special report. Truss was allowed the opportunity to respond to the special report, and he has done so.[1] In the order affording Truss the opportunity to respond, the court also informed him that at an appropriate time the court may treat the special report as a Fed.R.Civ.P. 56 motion for summary judgment; the court also informed Truss about the proper manner in which to respond to such a motion.

The court now concludes it is appropriate to proceed with resolution of the case on the motion for summary judgment and, for the reasons below, concludes that the motion should be granted.

---

1. Truss filed an untimely response and styled the response as a motion to amend. The court denied the motion to amend; however, the court construed the response as a motion for leave to submit a response to the special report; ordered that it be filed as such; and granted that motion. See Doc. ## 18, 19, and 20.

2

## I.   THE SUMMARY-JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"[2]  Greenberg v. BellSouth Telecomm., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); see also Fed.R.Civ.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and

---

    2.  Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination."  Fed.R.Civ.P. 56(a), Advisory Committee Notes, 2010 Amendments.

affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Celotex, 477 U.S. at 324; see also Fed.R.Civ.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the

4

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in his favor. <u>Greenberg</u>, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

> "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage."

5

Beard v. Banks, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive a defendant's properly supported motion for summary judgment, a plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting her claims of constitutional violations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "If the evidence [on which the non-moving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." Id. at 249-250. In other words, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. Waddell v. Valley

Forge Dental Associates, Inc., 276 F.3d 1275, 1279 (11th Cir. 2001); see also Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment"); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment").

    Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  Celotex, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of

the nonmoving party's case necessarily renders all other facts immaterial."); Barnes v. Southwest Forest Industries, Inc., 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima-facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary-judgment purposes, only disputes involving material facts are relevant. United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. Anderson, 477 U.S. at 248; see also Lofton v. Secretary of the Department of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary

judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. Celotex, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court

9

show there is no genuine issue as to a requisite material fact); Waddell, 276 F.3d at 1279 (to establish a genuine issue of material fact, the non-moving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. Beard, 548 U.S. at 525, 126 S.Ct. at 2576; Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). Thus, a plaintiff's pro se status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## II. DISCUSSION

It is undisputed that ECF has and enforces a standard operating procedure (SOP) that requires that inmates maintain their hair:

> "Inmates will keep their hair clean and neatly trimmed. Their hair cannot extend over their ears or shirt collar. Their hair cannot be packed or plaited, and fades are not allowed. Their sideburns cannot extend beyond the middle of their ear; and designer, pencil-thin, pencil-drawn, or thinned sideburns are not allowed."

ECF SOP 522, III.B.2.

Truss complains that there are blood-borne diseases carried by other inmates and that compelling him to get his hair cut violates his Eighth Amendment right because hair clippers used by barbers are not properly sanitized. According to him, "The hair clipper is a dangerous instrument when they have blood or some other substance on them.  That could cause death or physical injury." Doc. # 1, at 8.

The affidavits submitted by the defendants show that inmate barbers are provided sanitizing agents and are instructed to clean and sanitize the clippers used to cut hair after each haircut; additionally, inmates are instructed to use a sanitizing solution on their scalps before a haircut.

In response to the motion for summary judgment, Truss puts forward several factual contentions.  First, he states that the inmate barber who cut his hair "did not properly use 'the clipper side'" of the hair clippers.  Truss then cites to a document he calls "universal precautions and recommendation for salon professionals." This document apparently cautions that sharp objects pose the greatest risk for exposure to disease and therefore require use of "hospital level disinfectant" for cleaning.  Truss then states,

> "Plaintiff has 132 names of the inmates of the Elmore Correctional Facility, that has not never saw inmate barber use any, 'clipper side' or other sanitizing or sterilization on the hair clippers."

Doc. # 18, at 4. Thus, Truss contends the defendants violated his constitutional rights by failing to "exercise due care by the use of unsanitary blood infectious hair clipper[s] to cut his hair." Id. at 7.

Section 1983 provides a cause of action for anyone subjected "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983. The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement" and to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment," id. at 828, and thus gives rise to a § 1983 claim. And, in this particular instance, it is undeniable that the Eighth Amendment protects against future harm to inmates. Helling v. McKinney, 509 U.S. 25, 32 (1993).

13


To survive summary judgment on a § 1983 claim, a plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). The first element is an objective standard. Hudson v. McMillian, 503 U.S. 1, 8-9, (1992). The second element, "deliberate indifference," is a subjective standard that has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). As to this element,

> "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Farmer, 511 U.S. at 837.

14

With respect to the first element (the objective standard), the court will assume without deciding that the use of barbering tools that have not been sterilized or that have been improperly sterilized creates a substantially serious risk of future harm that meets the objective standard.  See, e.g., Johnson v. Epps, ___ F.3rd ___, 2012 WL 2360133 (5th Cir. June 21, 2012) (allegation that prison barbers were required to use and reuse clippers and razors contaminated with blood sufficient to state a claim under the Eighth Amendment).

However, Truss's claim falters on the subjective standard because Truss has failed to present evidence sufficient to show that any of the three defendants had knowledge of a risk of serious harm and disregarded that risk.  First, it is undisputed that inmate barbers are required to sterilize the instruments that they use to cut inmates' hair.  There is no evidence showing that Warden Thomas had any knowledge about any problems with

15

sterilization generally or with respect to Truss's haircut.

This brings the court, then, to an explication of what Truss says (or does not say) about the knowledge of Correctional Officers McKee and Burton. In his complaint, Truss states that getting his hair cut creates danger "from blood to blood infectious diseases." Doc. # 1, at 4. He then characterizes the hair clippers that are used as "blood infected." Id. at 5. When Truss was escorted to Officer McKee's office to discuss Truss's reluctance to get a haircut, Truss again characterized the barbering tools as "blood infected hair clippers." Id. at 7. All of this took place before Truss was taken to a barber, and notably Truss does not state that the hair clippers used to cut his hair had blood on them or were not sterilized. Truss does state: "The hair clippers [are] ... dangerous instruments when they have blood or some other substance on them. That could cause death or physical injury." Id. at 8. And that, of course, is

16

precisely what the court has already observed with respect to the objective element of the Truss's Eighth Amendment claim, but that fact does not satisfy the knowledge-and-indifference subjective element.

Truss's response to the defendants' motion for summary judgment suffers the same deficiencies. Truss claims that he brought this action because of "the use of unsanitary blood infected hair clippers to cut his hair. Doc. # 18, at 1. Truss argues factually that the inmate barber improperly used the hair clippers <u>after</u> the barber was told by one of the defendants to use the clippers correctly. Truss states: "The defendant, W.M. Burks, III told inmate ... [barber] to use the 'clipper side' before and after inmate Truss's haircut, inmate . . . [barber] did not properly use the 'clipper side.'" <u>Id</u>. at 3. Obviously, the barber's misuse of the clippers is not laudable, but what is important here is that Truss provides no evidence to show that any of the three

defendants knew either that the clippers were misused or, more importantly, that the clippers were not sanitized.

Perhaps in an attempt to shore up the lack of evidence about the subjective element of his claim, Truss states that he has "132 names of the inmates of the Elmore Correctional Facility, that ... never saw ... any ... institutional barber use any 'clipper side' or any other sanitizing or sterilization on the hair clipper." Id. at 4. However, that he has evidence in his possession is not sufficient, and Truss does not explain why he could not present an affidavit from some of those inmates. More interestingly, Truss does not state what knowledge he had about sterilization before his own hair was cut.

In summary, the court concludes that Truss has failed to make the requisite showing that the defendant correctional officers had knowledge of a risk of serious harm and disregarded that risk. Without dispute, the evidence before the court does show that the prison

system requires sterilization of barbering equipment, see Helling, supra (existence of a policy may constitute evidence that prison officials were not deliberately indifferent to the risks posed by exposure to disease), and, by Truss's own admission, at least one of the defendants insisted on proper barbering techniques. The defendants are entitled to summary judgment on Truss's Eighth Amendment claim.

In his response to the defendants' motion for summary judgment, Truss attempts to raise claims for the first time, including claims that the defendants violated one of their own regulations, Doc. # 18, at 14, and also opened his legal mail. Id. at 18. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a). A plaintiff may not amend ... [his] complaint through argument in a brief opposing summary judgment." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). These claims

are not properly before the court and will not be considered. The defendants are therefore entitled to summary judgment on Truss's Eighth Amendment claim.

An appropriate judgment will be entered.

DONE, this the 27th day of September, 2012.

                       /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE